IN THE UNTIED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**WILLIAM D. TUTOR**                                                                    **PLAINTIFF**

**VS.**                                        **CAUSE NO.: 3:18-cv-00035-GHD-RP**

**NEW PRIME INC. and**
**JOHN DOE 1-10**                                                        **DEFENDANT(S)**

## ORDER GRANTING MOTION TO LIMIT
## TESTIMONY OF PLAINTIFF'S TREATING PHYSICIANS

Defendant New Prime, Inc. seeks to limit the testimony of plaintiff's treating physicians to those facts and opinions contained in each respective physician's medical records. Docket 56. The time for a response by plaintiff has expired without any response being filed. The court has reviewed defendant's motion and accompanying brief, as well as the case law and concludes that the motion to limit the testimony of plaintiff's treating physicians should be GRANTED.

Local Uniform Civil Rule 26(a)(2)(D) states as follows:

> A party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under Fed.R.Evid. 702, 703 or 705, and a summary of the facts and opinions to which the witness is expected to testify. The party must also supplement initial disclosures.

Plaintiff designed fourteen physicians in paragraph 3 of his Designation of Experts, but did not provide an expert report for any of the fourteen treating physicians. Docket 85, Exhibit 1, p. 1-3. Because no written reports were provided, their testimony will be limited to the facts and opinions contained in the produced treatment records of Journey to New Beginnings. *See Benton v. Wal-Mart Stores East, LP*, No. 3:11cv313-TSL-MTP, 2012 WL1657134, *1-2 (S.D. Miss. May 10, 2012) (holding where no formal expert designation was provided, testimony of treating physicians listed in interrogatory response was limited to scope and content of provided medical

records); *Bunch v. Metropolitan Cas. Ins. Co.*, No. 5:10-cv-104- DCB-JMR, 2011 WL 1304459, *2 (S.D. Miss. April 6, 2011) (holding plaintiffs were allowed to rely on medical records as descriptions of opinions about which treating physicians would testify); *Duke v. Lowe's Homes Centers, Inc.*, No. 1:06CV207-P-D, 2007 WL 3094894, *1 (N.D. Miss. Oct. 19, 2007) (holding that in absence of written report and other information required by Rule 26(a)(2)(B), testimony of identified treating physicians was limited to facts and opinions contained in medical records).

SO ORDERED AND ADJUDGED, this the 5th day of December, 2019.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE